UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS

| | |
|---|---|
| **LELAND MCRAE,** <br> **Plaintiff,** <br><br> v. <br><br> American Protection Plans LLC d/b/a American Residential Warranty, John/Jane Does 1-5 <br><br><br> **Defendant** | § <br> § <br> § <br> § <br> § Civil Action No:5:19-cv-00945 <br> § <br> § <br> § <br> § |

**Plaintiff's Original Complaint**

**Parties**

1. The Plaintiff is Leland McRae, a natural person, who was present in Texas for all calls in this case, residing in Bexar County.

2. American Protection Plans LLC d/b/a American Residential Warranty, is a Florida limited liability company that can be served via registered agent Joshua Brauser, 901 Yamato Road, Suite 100E, Boca Raton, Florida 33431.

3. John/Jane Does 1-4 are other liable parties currently unknown to the Plaintiff.

**JURISDICTION AND VENUE**

4. <u>Jurisdiction</u>. This Court has federal-question subject matter jurisdiction over Plaintiff's TCPA claims pursuant to 28 U.S.C. § 1331 because the TCPA is a federal statute. *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 372 (2012). This Court has

supplemental subject matter jurisdiction over Plaintiff's claim arising under Texas Business and Commerce Code 305.053 because that claim: arises from the same nucleus of operative fact, i.e., Defendants' telemarketing calls to Plaintiff adds little complexity to the case and doesn't seek money damages, so it is unlikely to predominate over the TCPA claims.

5. **Personal Jurisdiction.** This Court has general personal jurisdiction over the defendant because they have repeatedly placed calls to Texas residents, and derive revenue from Texas residents, and sell goods and services to Texas residents, including the Plaintiff.

6. This Court has specific personal jurisdiction over the defendants because the calls at issue were sent by or on behalf of the defendants and defendants have business contracts and agreements in the State of Texas and have committed a tort in the State of Texas by violating the TCPA. *Tex. Civ. Prac. & Rem. Code § 17.042 (1) &(2).*

7. **Venue.** Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1)-(2) because a substantial part of the events giving rise to the claims—the calls and sale of goods and services directed at Texas residents, including the Plaintiff—occurred in this District and because the Plaintiff resides in the Western District of Texas when he received a substantial if not every single call from the Defendants that are the subject matter of this lawsuit.

8. This Court has venue over the defendants because the calls at issue were sent by or on behalf of the above named defendants to the Plaintiff a Texas resident.

**THE TELEPHONE CONSUMER PROTECTION ACT OF 1991, 47 U.S.C. § 227**

9. In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding telemarketing.

10. The TCPA makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice ... to any telephone number assigned to a ... cellular telephone service." 47 U.S.C. § 227(b)(1)(A)(iii).

11. The TCPA makes it unlawful "to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party, unless the call is initiated for emergency purposes, is made solely pursuant to the collection of a debt owed to or guaranteed by the United States, or is exempted by rule or order" of the Federal Communication Commission ("FCC"). 47 U.S.C. § 227(b)(1)(B).

12. The TCPA provides a private cause of action to persons who receive calls in violation of § 227(b). 47 U.S.C. § 227(b)(3).

13. Separately, the TCPA bans making telemarketing calls without a do-not-call policy available upon demand. 47 U.S.C. § 227(c); 47 C.F.R. § 64.1200(d)(1).[1]

14. The TCPA provides a private cause of action to persons who receive calls in violation of § 227(c) or a regulation promulgated thereunder. 47 U.S.C. § 227(c)(5).

15. According to findings of the FCC, the agency vested by Congress with authority to

---

[1] *See* Code of Federal Regulations, Title 47, Parts 40 to 60, at 425 (2017) (codifying a June 26, 2003 FCC order).

issue regulations implementing the TCPA, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls and can be costly and inconvenient.

16. The FCC also recognizes that "wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used." *In re Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 18 FCC Rcd. 14014, 14115 ¶ 165 (2003).

17. The FCC requires "prior express written consent" for all autodialed or prerecorded telemarketing robocalls to wireless numbers and residential lines. In particular:[A] consumer's written consent to receive telemarketing robocalls must be signed and be sufficient to show that the consumer: (1) received clear and conspicuous disclosure of the consequences of providing the requested consent, *i.e.*, that the consumer will receive future calls that deliver pre-recorded messages by or on behalf of a specific seller; and (2) having received this information, agrees unambiguously to receive such calls at a telephone number the consumer designates. In addition, the written agreement must be obtained without requiring, directly or indirectly, that the agreement be executed as a condition of purchasing any good or service.

18. *In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 FCC Rcd. 1830, 1844 ¶ 33 (2012) (footnote and internal quotation marks omitted). FCC regulations "generally establish that the party on whose behalf a solicitation is made bears ultimate responsibility for any violations." *In the Matter of Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 10 FCC

Rcd. 12391, 12397 ¶ 13 (1995).

19. The FCC confirmed this principle in 2013, when it explained that "a seller … may be held vicariously liable under federal common law principles of agency for violations of either section 227(b) or section 227(c) that are committed by third-party telemarketers." *In the Matter of the Joint Petition Filed by Dish Network, LLC*, 28 FCC Rcd. 6574, 6574 ¶ 1 (2013).

20. Under the TCPA, a text message is a call. *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 951 – 52 (9th Cir. 2009).

21. A corporate officer involved in the telemarketing at issue may be personally liable under the TCPA. *E.g.*, *Jackson Five Star Catering, Inc. v. Beason*, Case No. 10-10010, 2013 U.S. Dist. LEXIS 159985, at *10 (E.D. Mich. Nov. 8, 2013) ("[M]any courts have held that corporate actors can be individually liable for violating the TCPA where they had direct, personal participation in or personally authorized the conduct found to have violated the statute." (internal quotation marks omitted)); *Maryland v. Universal Elections*, 787 F. Supp. 2d 408, 415 – 16 (D. Md. 2011) ("If an individual acting on behalf of a corporation could avoid individual liability, the TCPA would lose much of its force.").

## The Texas Business and Commerce Code 305.053

22. The Texas Business and Commerce code has an analogous portion that is related to the TCPA and was violated in this case.

23. The Plaintiff may seek damages under this Texas law for violations of 47 USC 227 or subchapter A and seek $500 in statutory damages or $1500 for willful or knowing

damages.

## FACTUAL ALLEGATIONS

24. The Defendants sell home warranty protection plans and are registered as a limited liability company in the state of Florida.

### American Residential Warranty calls to the Plaintiff

25. Defendants solicit business by way of national television ads offering warranty protection for home appliances. electronics and the sale of home security systems.

26. From May 27, 2019 through June 4, 2019, Plaintiff received multiple calls from a spoofed caller ID's all designed to trick consumers into picking up the phone by using misleading local area code numbers. These calls were placed on behalf of Defendants. Below are some of the calls placed, but is not an exhaustive list.

| CID | Date | Calls to 248-420-4042 |
|---|---|---|
| 248-714-0404 | 05/27/2019 | |
| 248-714-0404 | 05/28/2019 | |
| 248-714-0404 | 05/29/2019 | |

27. The Defendants were soliciting the Plaintiff to purchase a home appliance warranty agreement without the defendants maintaining an internal, written do-not-call policy.

28. Defendants knew full well that their employees were making calls without maintaining an internal, written do-not-call policy and making calls from spoofed caller ID numbers.

29. Mr. McRae has limited data storage capacity on his cellular telephone. Incoming calls from American Residential Warranty consumed part of this capacity.

30. The calls were unwanted by the Plaintiff.

31. No emergency necessitated any of the calls at issue.

32. Each call was sent by an Automated Telephone Dialing System (ATDS).

## American Residential Warranty Knowing and Willful Violations of Telemarketing Regulations

33. Annoyed by the frequency of the calls from Defendants, on June 5, 1029 Mr. McRae asked for an internal do-not-call policy and the defendants indicated they did not have a written internal do-not-call policy to send him.

34. Defendants knowingly violated the TCPA by initiating ATDS calls to the Plaintiff.

35. Defendants never sent Mr. McRae any do-not-call policy.

36. On information and belief, Defendants did not have a written do-not-call policy while it was sending Plaintiff the unsolicited calls.

37. On information and belief, Defendants did not train its agents engaged in telemarketing on the existence and use of any do-not-call list.

## American Residential Warranty Illegal Telemarketing Practices

38. At all times relevant to the claims alleged herein, Defendants were aware its employees were sending ATDS calls en masse to people, including Plaintiff, and had received previous complaints about these types of calls.
https://www.bbb.org/us/fl/boca-raton/profile/extended-warranty-contract-service-companies/american-residential-warranty-0633-92014314/complaints

39. Defendants had the power to stop these spam campaigns.

40. Defendants had the power to fire the managers and employees taking part in the day-to-day operations of these telemarketing operations. Despite complaints about

these practices, Defendants continued to use the services of the exact same telemarketers and/or employees.

41. Defendants allowed the calls to continue and the responsible managers to keep their jobs—despite their knowledge of the do-not-call complaints from recipients of these calls.

### The Plaintiff's cell phone is a residential number

42. The calls at issue here were to the Plaintiff's cellular phone 248-420-4042, which is the Plaintiff's personal cell phone that he uses for personal, family, and household use. The Plaintiff also uses his cell phone for navigation purposes, sending and receiving emails, timing food when cooking, and sending and receiving text messages. The Plaintiff further has his cell phone registered in his personal name, pays the cell phone from his personal accounts.

### Violations of the Texas Business and Commerce Code 305.053

43. The actions of the defendants violated the Texas Business and Commerce Code 305.053 by placing ATDS calls to a cell phone which violates 47 USC 227(b).

44. The calls by the defendants violated Texas law by spoofing the caller ID per 47 USC 227(e) which in turn violates the Texas statute.

### I. FIRST CLAIM FOR RELIEF

**(Non-Emergency ATDS calls to Cellular Telephones, 47 U.S.C. § 227(b)(1)(A))**

**(Against All Defendants)**

1. Mr. McRae realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

2. The foregoing acts and omissions of Defendants and/or their affiliates or agents constitute multiple violations of the TCPA, 47 U.S.C. § 227(b)(1)(A), by making non-emergency telemarketing calls to Mr. McRae's cellular telephone using ATDS without his prior express written consent.

3. Mr. McRae is entitled to an award of at least $500 in damages for each such violation. 47 U.S.C. § 227(b)(3)(B).

4. Mr. McRae is entitled to an award of up to $1,500 in damages for each such knowing or willful violation. 47 U.S.C. § 227(b)(3).

5. Mr. McRae also seeks a permanent injunction prohibiting Defendants and their affiliates and agents from making non-emergency ATDS calls to cellular telephone numbers without the prior express written consent of the called party.

## II. SECOND CLAIM FOR RELIEF

**(Telemarketing Without Mandated Safeguards, 47 C.F.R. § 64.1200(d))**

**(Against All Defendants)**

6. Mr. McRae realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

7. The foregoing acts and omissions of Defendants and/or their affiliates or agents constitute multiple violations of FCC regulations by making telemarketing solicitations despite lacking:

        a.     a written policy, available upon demand, for maintaining a do-not-call list, in violation of 47 C.F.R. § 64.1200(d)(1);[2]

        b.     training for the individuals involved in the telemarketing on the existence of and use of a do-not-call list, in violation of 47 C.F.R. § 64.1200(d)(2);[3]

8.     Mr. McRae is entitled to an award of at least $500 in damages for each such violation. 47 U.S.C. § 227(c)(5)(B).

9.     Mr. McRae is entitled to an award of up to $1,500 in damages for each such knowing or willful violation. 47 U.S.C. § 227(c)(5).

10.     Mr. McRae also seeks a permanent injunction prohibiting Defendants and their affiliates and agents from making telemarketing solicitations until and unless they implement a do-not-call list and training thereon.

### III. THIRD CLAIM FOR RELIEF:

**Violations of The Texas Business and Commerce Code 305.053**

11.     Mr. McRae realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

12.     The foregoing acts and omissions of Defendants and/or their affiliates or agents constitute multiple violations of the **Texas Business and Commerce Code 305.053**, by making non-emergency ATDS calls to Mr. McRae's cellular telephone number without his prior express written consent in violation of 47 USC 227 et seq. The

---

[2] *See id.* at 425 (codifying a June 26, 2003 FCC order).
[3] *See id.* at 425 (codifying a June 26, 2003 FCC order).

Defendants violated 47 USC 227(d) and 47 USC 227(d)(3) and 47 USC 227(e) by using an ATDS that does not comply with the technical and procedural standards under this subsection.

13. Mr. McRae is entitled to an award of at least $500 in damages for each such violation.**Texas Business and Commerce Code 305.053(b)**

14. Mr. McRae is entitled to an award of up to $1,500 in damages for each such knowing or willful violation. **Texas Business and Commerce Code 305.053(c).**

### IV. PRAYER FOR RELIEF

WHEREFORE, Plaintiff Leland McRae prays for judgment against the Defendants jointly and severally as follows:

A. Leave to amend this Complaint to name additional DOESs as they are identified and to conform to the evidence presented at trial;

B. A declaration that actions complained of herein by Defendants violate the TCPA and Texas state law;

C. An injunction enjoining Defendants and their affiliates and agents from engaging in the unlawful conduct set forth herein;

D. An award of $3000.00 per call in statutory damages arising from the TCPA's intentional violations jointly and severally against the corporation and individual for each and every call.

E. An award of $1,500 in statutory damages per call arising from violations of the Texas Business and Commerce code 305.053

F.  An award to Mr. McRae of damages, as allowed by law under the TCPA;

G.  An award to Mr. McRae of interest, costs and attorneys' fees, as allowed by law and equity

H.  Such further relief as the Court deems necessary, just, and proper.

Respectfully submitted,

Leland McRae
Attorney for Plaintiff
SBN 24086374
8111 Mainland, Ste 104-459
San Antonio, TX 78240
lgmlaw@gmail.com
Phone: (210) 569-0434

**CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the above and foregoing document was served on all named Defendants.

Leland McRae

Attorney for Plaintiff