IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| LELAND MCRAE, | § § § | |
| *Plaintiff,* | § § | SA-19-CV-00945-DAE |
| vs. | § § § | |
| AMERICAN PROTECTIONS PLANS LLC, JOHN AND/OR JANE DOES, DANIEL SOLANO, POALA LAWSON, JOHN GREER, LENNY SCHWARTZ, MIKE SHEA, STANLEY LOSEILLE, ALFREDO DEFFAUT, JASON ZOBLER, SCOTT KENNEDY, JOHN GREER, MATHEY PERRY, SALES TRAINEE 02, JANE DOE, ALBERTO ZALDIVAR, | § § § § § § § § § § § | |
| *Defendants.* | § § | |

**<u>ORDER</u>**

Before the Court in the above-styled cause of action are Plaintiff's Second Motion to Compel Discovery [#40], Plaintiff's Third Motion to Compel Discovery [#56], and Plaintiff's Amended Opposed Motion for Issuance of Subpoenas [#60], all of which were referred to the undersigned for disposition. The Court therefore has jurisdiction to enter this Order pursuant to 28 U.S.C. § 636(b)(1)(A).

By his motions, Plaintiff asks the Court to compel certain responses to discovery served on Defendant American Protections Plans, LLC ("APP") and for an order permitting Plaintiff to subpoena the Federal Trade Commission and the Better Business Bureau for information Plaintiff believes is probative to his lawsuit under the Telephone Consumer Protection Act, 47 U.S.C. § 226 ("TCPA"). By his lawsuit, Plaintiff alleges employees of APP made harassing calls to Plaintiff's cell phone to solicit the purchase of certain products sold by APP. Plaintiff contends APP used misleading caller ID information and did not maintain a do-not-call policy

1

and do-not-call list and that these actions and inactions violate federal law. The Court held a hearing on the motions on April 17, 2020, at which all parties appeared through counsel. At the close of the hearing, the Court issued certain oral rulings, which it now memorializes with this written Order.

Plaintiff's Second Motion to Compel Discovery [#40] concerns Plaintiff's request for the production of all documents for every call involving each of the employees of APP that Plaintiff contends made the harassing phone calls for the calendar year of 2019. Plaintiff also asks for more complete responses to interrogatories four and five. Prior to the hearing, APP withdrew its objections to interrogatory five. Accordingly, Plaintiff's motion to compel with respect to this interrogatory is now moot.

The Court will deny Plaintiff's motion to compel with respect to Plaintiff's request for production because the documents Plaintiff seeks are not relevant and proportional to the claims and defenses at issue in this lawsuit. *See* Fed. R. Civ. P. 26(b)(1). Plaintiff argued the information is relevant because it is probative of whether APP's conduct was knowing and intentional, for purposes of entitlement to treble damages. APP clarified at the hearing that it is not arguing that it made the calls by mistake or without intent; it is arguing that its conduct did not violate the TCPA. Thus, the "knowing and intentional" nature of the conduct is not in dispute, just its legality.

The Court will grant in part Plaintiff's motion to compel with respect to interrogatory four. This interrogatory asks APP to identify the persons responsible for receiving, maintaining, investigating, and responding to complaints related to TCPA violations. The Court agrees with Plaintiff that this information is relevant and proportional to the claims and defenses at issue in this suit but will limit the discovery to the period at issue in this lawsuit, the year 2019.

As for Plaintiff's Third Motion to Compel [#56], APP indicated at the Court's hearing that it was withdrawing its objection to the request for production underlying the motion. Accordingly, this motion will be dismissed as moot.

Finally, the Court will grant in part Plaintiff's Motion for Issuance of Subpoenas [#60]. The Court will allow the subpoenas to be served but will narrow the time frame to four years from the date the subpoenas are issued.

Thus, in accordance with the foregoing, and for the reasons stated on the record during the hearing:

**IT IS HEREBY ORDERED** that Plaintiff's Second Motion to Compel Discovery [#40] is **GRANTED IN PART** as follows:

- Plaintiff's motion to compel as to interrogatory five is **DISMISSED AS MOOT**.
- Plaintiff's motion to compel as to Plaintiff's request for production is **DENIED**.
- APP is compelled to respond to interrogatory four for the year 2019.

**IT IS FURTHER ORDERED** that Plaintiff's Third Motion to Compel Discovery [#56] is **DISMISSED AS MOOT**.

**IT IS FURTHER ORDERED** that Plaintiff's Amended Opposed Motion for Issuance of Subpoenas [#60] is **GRANTED IN PART** as follows: Plaintiff may serve the proposed subpoenas on the Federal Trade Commission and Better Business Bureau limited to four years from the date the subpoenas are issued.

**IT IS FINALLY ORDERED** that any relief not otherwise granted expressly herein is **DENIED**.

SIGNED this 21st day of April, 2020.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE