IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| LELAND MCRAE, | § | |
| | § | |
| *Plaintiff,* | § | SA-19-CV-00945-DAE |
| | § | |
| vs. | § | |
| | § | |
| AMERICAN PROTECTIONS PLANS | § | |
| LLC, JOHN AND/OR JANE DOES, | § | |
| DANIEL SOLANO, POALA LAWSON, | § | |
| JOHN GREER, LENNY SCHWARTZ, | § | |
| MIKE SHEA, STANLEY LOSEILLE, | § | |
| ALFREDO DEFFAUT, JASON ZOBLER, | § | |
| SCOTT KENNEDY, JOHN GREER, | § | |
| MATHEY PERRY,  SALES TRAINEE | § | |
| 02,  JANE DOE, ALBERTO ZALDIVAR, | § | |
| | § | |
| *Defendants.* | § | |

**ORDER**

Before the Court in the above-styled and numbered cause of action is Plaintiff's Motion to Disqualify Opposing Counsel for Conflict of Interest and to Stay Ruling on Defendant Loseille's Motion to Dismiss [#91].  On this day, the Court held a telephonic hearing on the motion, at which Plaintiff and Defendants American Protection Plans, LLC ("APP") and Stanely Loseille appeared through counsel.  Plaintiff asks the Court to disqualify Justin Kaplan, counsel for APP and Loseille, arguing that a conflict of interest exists that prevents him from representing both Defendants.  According to Plaintiff, Loseille (a current employee of APP) will be a witness at trial because he admitted in an affidavit filed in conjunction with his pending motion to dismiss that he placed a call to the phone number identified as Plaintiff's cell phone number.  The claims underlying this suit arise under the Telephone Consumer Protection Act and allege unlawful telemarketing by APP and its employees to Plaintiff's cell phone.  According to Plaintiff, this admission makes Loseille a necessary witness at trial, and it is possible that

1

Loseille will take a position that is adverse to APP in his trial testimony. The Court orally denied the motion at the telephonic hearing for the following reasons.

The party seeking to disqualify an attorney, here Plaintiff, bears the burden of proving that disqualification is warranted. *See Duncan v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 646 F.2d 1020, 1028 (5th Cir. Unit B June 1, 1981). Attorneys practicing in the Western District of Texas are required to comply with the Texas Disciplinary Rules of Professional Conduct. Loc. R. W.D. Tex. AT-7(a). The Court also considers the ABA Model Code of Professional Responsibility and Model Rules of Professional Conduct in evaluating a potential disqualification issue. *See Horaist v. Doctor's Hosp. of Opelousas*, 255 F.3d 261, 266 (5th Cir. 2001).

Rule 1.06(b) of the Texas Disciplinary Rules of Professional Conduct provides that a lawyer shall not represent a person if the representation of that person "(1) involves a substantially related matter in which that person's interests are materially and directly adverse to the interests of another client of the lawyer or the lawyer's firm." Plaintiff has not identified any basis for the assertion that APP's and Loseille's interests are "materially and directly adverse," only that it could be possible in the future that their interests become adverse. This is not sufficient to warrant disqualification of Defendants' counsel at this time. Loseille was an employee of APP when he placed the call at issue and remains employed by APP. There is no allegation that he placed the call outside of the scope of his employment with APP. As Plaintiff was unable to identify an actual, current conflict of interest based on Mr. Kaplan's representation of both APP and Loseille, the Court will deny the motion to disqualify. If an actual conflict arises, Plaintiff may renew his motion.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Disqualify Opposing Counsel for Conflict of Interest and to Stay Ruling on Defendant Loseille's Motion to Dismiss [#91] is **DENIED WITHOUT PREJUDICE**.

SIGNED this 23rd day of June, 2020.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE